IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY MILLER,                    § | |
|     Plaintiff,         § | |
| § | No. 3:06-CV-1468-B |
| v.                              § | ECF |
| § | |
| JOHN E. POTTER,                 § | |
|     Defendant.        § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff is a former United States Postal Service employee. He files this complaint alleging employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Defendant is Postmaster General John Potter. Service has not been issued.

**Factual background:**

Plaintiff states that in November, 2004, he started working for the Postal Service. He states the Postal Service hired him knowing that he was under medical restrictions involving both shoulders and his lower back. Plaintiff alleges that his station manager required him to perform duties that involved lifting. As a result of this lifting, Plaintiff states his rotator cuff ruptured and he stopped working on February 3, 2005. He states that on June 25, 2005, the Postal Service informed him that his employment was terminated.

Plaintiff filed a claim with the Postal Service EEOC Office.  On January 31, 2006, the agency dismissed Plaintiff's complaint because he failed to contact a counselor within forty-five days of the alleged discrimination, as required under EEOC Regulation 29 C.F.R. 1614.105(a).  On March 10, 2006, Plaintiff appealed from the agency's decision.  Plaintiff states that he did not contact a counselor within the forty-five day time period because he was unaware of the Postal Service's EEOC procedures.  On July 6, 2006, the EEOC dismissed Plaintiff's appeal because he failed to file his appeal within the thirty day time limit.

On August 15, 2006, Plaintiff filed the instant complaint.  He alleges the Postal Service violated the ADA when it terminated his employment because of his injury and work restrictions.

**Discussion:**

The ADA incorporates by reference the two-step administrative and judicial enforcement scheme of Title VII of the 1964 Civil Rights Act.  *See* 42 U.S.C. § 12117(a).  Therefore, before a plaintiff may file a civil action under the ADA, he must first exhaust his administrative remedies.  *Fitzgerald v. Secretary, U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997).  This includes a multi-level administrative complaint process.  *Lee v. Powell*, No. 4:01-CV-835-B, 2002 WL 31422959 at *2 (N.D. Tex. Oct. 22, 2002).  A plaintiff's initial complaint is filed with the agency charged with the discriminatory conduct, and this agency conducts an investigation and issues a final agency decision.  29 C.F.R. §§ 1614.106-110.  If a plaintiff is not satisfied with the final agency decision, he must either appeal to the EEOC within thirty (30) days, or he must commence a civil action within ninety (90) days.  *Id*. at §§ 1614.402, 1614.407.  In this case,

Plaintiff does not dispute that he failed to either appeal the final agency decision within thirty days, or file a civil action within ninety days.

Statutory time limits applicable to lawsuits against the United States are entitled to the same rebuttable presumption of equitable tolling applicable to suits against private defendants. *Irwin v. Dept. of Veterans Affairs, et al.*, 498 U.S. 89, 95-96 (1990). The Fifth Circuit has held that a complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles. *Wilson v. Dept. of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). The Court has recognized three possible, but not exclusive, bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of his rights. *Id.* (citing *Chappell v. Emco Machine Works, Co.*, 601 F.2d 1295 (5th Cir. 1979).

In this case, Plaintiff states that after he received notice of the final agency decision, he contacted Texas Legal Services, but was unsuccessful in obtaining help. He then attempted to hire an attorney. Plaintiff states the lawyer told him that he would help with the case, but "at the last minute he change (sic) his mind because I didn't have $2,000 dollars to pay him after time had ran out and was advise (sic) to go ahead and file with the EEOC anyway and see what happen." (Complaint at 2).

The Postal Service's final agency decision clearly informed Plaintiff that he had thirty days to file an appeal with the EEOC. Plaintiff does not dispute that he knew of this time limit. Plaintiff has not shown that he acted diligently and has failed to show a sufficient basis for equitable tolling.

3

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

Signed this 28th day of September, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).